So Ordered.

Dated: February 4, 2025



Rachel M. Blise
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Vincent Michael Ortiz

Debtor.

Case No. 24-26107-rmb

Chapter 13

**ORDER OVERRULING OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Clean Energy Credit Union ("CECU") filed a secured claim in the amount of $19,067.45. The claim indicates that it is secured by solar panels. CECU objected to confirmation of the debtor's proposed chapter 13 plan on the grounds that the plan does not treat its claim as a secured claim. (Dkt. No. 17.)

CECU does not state the legal basis for its objection. The Court presumes that the objection is based on § 1325(a)(5), which addresses secured claims "provided for by the plan." 11 U.S.C. § 1325(a)(5). The Bankruptcy Code does not require a chapter 13 plan to provide for secured claims. *See* 11 U.S.C. § 1322; *In re Limon*, 616 B.R. 380, 381 (Bankr. E.D. Wis. 2020) ("[N]o provision of the Bankruptcy Code requires that a chapter 13 plan provide for all allowed secured claims."). The debtor's original chapter 13 plan does not provide for CECU's secured claim at all, so § 1325(a)(5) does not bar confirmation and CECU's lien would be unaffected by the bankruptcy. *See, e.g.*, *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015). The Court will therefore overrule CECU's objection to the debtor's chapter 13 plan.

The Court notes that the debtor filed an amended plan on February 3, 2025, which provides for treatment of CECU's claim and surrender of its collateral. (Dkt. No. 19.) If CECU wants to object to confirmation of the plan based on the provisions in the February 3 plan amendment, then CECU must file a new objection.

Accordingly, IT IS HEREBY ORDERED that CECU's objection to confirmation of the debtor's proposed chapter 13 plan (ECF No. 17) is OVERRULED without prejudice.

# # # # #